**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )    **Case No. 4:97CR141 ERW** |
| **vs.** | ) |
| | ) |
| | ) |
| **NORRIS G. HOLDER** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF MOTION OF**
**TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT**

COMES NOW The United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Jane Rund, Assistant United States Attorney for said District, pursuant to 18 U.S.C. §§ 3613(a) and 3664(n), requests this Court enter an Order authorizing the Bureau of Prisons to turnover to the Clerk of the Court funds held in the inmate trust account of Defendant Norris G. Holder, Reg. No. 26902-044, as payment towards the outstanding criminal monetary penalties imposed in this case. In support of this motion, the government states as follows:

1.    On April 3, 1998, a jury sitting in the Eastern District of Missouri found Defendant Norris G. Holder ("Defendant") guilty of one count of Bank Robbery By Force Or Violent in violation of 18 U.S.C. § 2113A; one count of Carry Firearm During Crime of Violent and Commit Murder in violation of 18 U.S.C. § 924(c)(1). Doc. 400.

2.    On July 23, 1998, this Court sentenced Defendant to imprisonment until execution sentence. Doc. 458 at pg. 2. This Court also ordered Defendant pay $51,849.85 in restitution. *Id* at

1

pg. 3. On August 21, 1998, this Court amended the Judgment ordering the Defendant to pay $97,810.52 in restitution. *Id* at pg 3.As of the date of this filing, Defendant has paid $42,505.52 towards the total balance of this debt.

3.       Defendant remains in federal custody serving his sentence of imprisonment. According to the U.S. Bureau of Prison's Inmate Locator System, Defendant is presently incarcerated at USP Terre Haute, in Terre Haute, Indiana. There is no release date for the Defendant.

4.       The United States recently learned that Defendant has a significant sum of money in his inmate trust account maintained by the Bureau of Prisons ("BOP").[1] At the request of the U.S. Attorney's Office, Defendant's inmate account has been encumbered against further transfer, withdrawal, or assignment. On August 28, 2020, the BOP notified the U.S. Attorney's Office that it had encumbered $2,486.16 in Defendant's inmate trust account. By this motion, the United States seeks entry of an order authorizing the BOP to turnover the funds from Defendant's inmate trust account to the Clerk of the Court as payment towards Defendant's outstanding criminal monetary restitution and special assessment obligations.

5.       Title 18, Section 3613 sets forth the procedures for the United States to enforce criminal monetary penalties, including criminal restitution. Specifically, a sentence including criminal restitution acts as a lien in favor of the United States on all property and rights to property of the person fined. 18 U.S.C. § 3613(c). Thus, the United States' lien attaches to Defendant's

---

[1] The purpose of inmate trust accounts or commissary accounts is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545.11. Family, friends, or other sources must deposit funds for the benefit of the inmate into these accounts. *Id*. Deposits intended for the inmate's account must be mailed directly to the BOP's centralized commissary account. 28 C.F.R. § 540.23.

interest in funds held by the BOP in his inmate trust account. *See also,* 18 U.S.C. § 3613(a) (government enforces restitution against all property and rights to property of the defendant); 18 U.S.C § 3664(m) (government may use all available and reasonable means to collect restitution).

6. Pursuant to the Crime Victim Rights Act, the victims of Defendant's crimes are entitled to full and timely restitution as provided in law. 18 U.S.C. § 3771(a)(6).

7. The Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, et seq., requires Defendant's resources received from any source during his term of incarceration be applied to his outstanding restitution obligation. Specifically, 18 U.S.C. § 3664(n) provides that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources *from any source*, including inheritance, settlement, or other judgment, during a period of incarceration, such person *shall be required* to apply the value of such resources to any restitution or fine still owed" (emphasis added).

8. The United States submits that an order authorizing the turnover of Defendant's property is appropriate here and the United States is not required to rely upon other formal collection remedies such as garnishment of or execution upon property to obtain these funds. The funds at issue currently are in the BOP's possession and the United States has a valid lien over this property.

9. Furthermore, because the property is cash, it does not fall within any applicable categories of exempt property that a defendant may claim in a criminal case. 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). For criminal debts such as fines and restitution, federal law provides that the only categories of exempt property are: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered

mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act. 18 U.S.C. § 3613(a)(1). Accordingly, Defendant cannot properly claim that the funds held in his inmate trust account are exempt from payment of restitution.[2]

10.    The United States is serving Defendant with a copy of this motion by first class mail, postage prepaid, and he may object to the intended use of his property. The United States is not aware of any other party who may claim an interest in this property.

11.    The United States submits that the requested relief is reasonable and appropriate in this instance where Defendant has accumulated significant funds in his inmate trust account. Also, without this relief, the BOP will be required to allow Defendant access to these funds, allowing him—or others—the opportunity to dissipate, conceal, or transfer the funds without first paying restitution.

WHEREFORE, for the reasons explained above, the United States requests that this Court grants its motion.

---

[2] By statute, challenges to a garnishment of the defendant's property are limited to: (1) the probable validity of any claim of exemption and (2) compliance with any statutory requirements for the issuance of the post-judgment remedy granted. 28 U.S.C § 3202(d).

DATED September 3, 2020                    Respectfully submitted,


                                           JEFFREY B. JENSEN
                                           United States Attorney


                                           /s/ *Jane Rund*
                                           JANE RUND #47298 MO
                                           Assistant United States Attorney
                                           Thomas F. Eagleton U.S. Courthouse
                                           111 South Tenth Street, 20th Floor
                                           St. Louis, Missouri 63102
                                           (314) 539-7636
                                           (314) 539-2287 fax
                                           Jane.Rund@usdoj.gov

**Certificate of Service**

The undersigned hereby certifies that on September 3, 2020, a true and accurate copy of

the foregoing was served via U.S. Mail, postage prepaid, to the following:

Norris G. Holder, Reg. No. 26902-044
USP Terre Haute
4700 Bureau Road South
Terre Haute, IN 47802


                                           /s/ *Jane Rund*
                                           Assistant United States Attorney

5