IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CAPITAL CASE |
| Plaintiff, | ) | |
| | ) | No. 4:97-cr-00141-ERW |
| v. | ) | |
| | ) | |
| NORRIS G. HOLDER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE TO MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT

Defendant Norris G. Holder, Jr., hereby responds in opposition to the motion and supporting memorandum filed by the United States (Docs. 674, 675). Mr. Holder has maintained compliance with this Court's order of May 19, 2016 regarding his restitution obligation, and there is no basis for the Court to modify that obligation or encumber his funds, at it has now done. In opposition to the motion, Mr. Holder states:

1. The government accurately recites the facts relating to the entry of the restitution order against Mr. Holder at the time of his sentencing. However, it omits several other important facts.

2. First, no order of restitution was entered against Mr. Holder's co-defendant, Billie Allen, although Mr. Allen was

separately convicted and sentenced to death, and the government has long acknowledged that it was Billie Allen, and not Mr. Holder, who actually shot and killed bank security guard Richard Heflin.

3.  Second, the government omits that the restitution order against Mr. Holder was largely predicated on his receipt for many years of regular payments in connection with a legal settlement he received after having his leg traumatically amputated at age 15 when he became caught under a moving train.

4.  Third, the government omits that after the last of Mr. Holder's settlement payments was received and applied against his restitution order in 2016, he sought to modify his obligation in light of the fact that most prisoners on federal death row do not have access to jobs within the Bureau of Prisons. Relatedly, the government does not acknowledge that Mr. Holder already has paid roughly $50,000 of his restitution obligation, including the entire amount owed to the family of Richard Heflin.

5.  Finally, and most significantly, the government does not mention that on May 19, 2016, this Court entered an order (Doc. 669) directing that Mr. Holder shall pay $30.00 per month

towards his restitution obligation, and that his trust account shall not be depleted below $450.00 at any time.

6.  Mr. Holder has complied with this Court's May 19, 2016 order since its entry as seen by a review of this Court's docket. He has never attempted to shirk his financial obligations.

7.  The larger than usual balance in his trust account at this time is likely due to the fact that the Bureau of Prisons has been making telephone calls available to prisoners free of charge during the Covid-19 pandemic, a situation that is both temporary and beyond Mr. Holder's control.

8.  On approximately August 31, 2020, the government encumbered all of Mr. Holder's trust account without notice to him and in effect depleting his account below $450.00 contrary to this Court's order. This encumbrance leaves him without access to funds for necessary food and personal hygiene items, as well as for stamps, paper, and envelopes to correspond with his attorneys.

9.  Other than the Covid-19 related modifications to BOP phone policy, Mr. Holder's financial circumstances remain unchanged, and there is no basis to modify his financial

obligations from that established by this Court's May 19, 2016 order.

**WHEREFORE**, Mr. Holder requests that the motion be denied and Mr. Holder's account be unencumbered forthwith except to the extent that the government requires access to his trust account to debit it of $30.00 per month as provided in this Court's May 19, 2016 order.

Respectfully submitted,

 /s/ Scott W. Braden
Scott W. Braden
Arkansas Bar Number 2007123
Assistant Federal Public Defender
Arkansas Federal Public Defender Office
1401 W. Capitol, Suite 490
Little Rock, Arkansas 72201.
(501) 324-6114
scott_braden@fd.org

Attorney for Petitioner Norris G. Holder, Jr.

4